PATRICK G. LYNCH *vs.* MARGARET E. CULHANE.

Suffolk.    November 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Contract,* Performance and breach, Building contract.    *Damages,* For breach of contract.

In an action by a building contractor against the owner of real estate upon a contract for the construction of a dwelling house thereon, the plaintiff contended that the contract was terminated unjustifiably by the defendant, but he made no claim to damages by reason of loss of expected profits and there was no evidence that actual expenditures and outlays made by him toward carrying out the contract were extravagant and unnecessary. The judge charged the jury that the plaintiff was "entitled to recover what it cost him, or what his loss was, in other words. You will determine how much he expended in the construction of this work, what he put into it and the cost of what he put into it, what money he was out of pocket on account of this work." *Held,* that no error appeared in the part of the charge above quoted.

At the trial of an action by a building contractor against the owner of real estate, where the declaration contained counts upon a contract for the building of a dwelling house and a count upon a *quantum meruit* for work done and materials furnished in such building, the judge charged the jury, that they might "determine whether there was bad faith which went to the essence of the building itself, which affected it finally in its value, or whether the bad faith upon the evidence here is confined to two particular things, the roof and the chimney. If it is confined to them and does not affect the rest of the building, . . . [the plaintiff] can't recover, of course, as far as those items go, but if in all other respects he erected the building in good faith, and his departure was not a blamable departure from the requirements of the contract, he can recover for the benefit conferred upon . . . [the defendant], if there was benefit." The jury found that the work of the plaintiff on the chimney and on the roof was not done in good faith and found generally for the plaintiff. *Held,* that the instruction to the jury was erroneous in that it permitted the jury to find for the plaintiff although they found that the plaintiff in bad faith had departed from the contract in particulars not trivial.

A building contractor cannot recover from the owner of real estate payments specified in a contract providing for the erection by the plaintiff of a dwelling house upon land of the defendant, nor upon a *quantum meruit* for work done and materials furnished upon the dwelling house, if in bad faith he departed from the requirements of the contract in particulars not trivial.

CONTRACT, with a declaration as amended in six counts, for breaches of a contract in writing under which the plaintiff was to construct a dwelling house upon land of the defendant, and upon

a *quantum meruit* for work done and materials furnished in such work. The counts that are material are described in the opinion. Writ dated February 15, 1918.

In the Superior Court, the action was· tried before *Quinn*, J. Exceptions by the defendant relate to the charge to the jury and are described in the opinion. The jury found generally for the plaintiff in the sum of $1,900. Upon the return of the verdict, the following colloquy occurred between the judge and the foreman of the jury:

The judge: "Mr. Foreman, did the jury find that Lynch did his work, all of it, in good faith?" The foreman: "They did not." — The judge: "Not all of it?" The foreman: "Not all of it." — The judge: "Did the jury find that the work on the chimney and on the roof was not done in good faith?" The foreman: "It didn't so appear." — The judge: "You did not find it was all done in good faith?" (The foreman nodded in assent.)

The defendant alleged exceptions.

*E. W. Crawford,* for the defendant.

*J. M. Maloney,* (*H. H. Newton* with him,) for the plaintiff.

PIERCE, J. This is an action to recover on the first count a certain instalment of money which the defendant agreed under a written building contract to pay the plaintiff "when building was finished on outside and all inspected for lathing." Under a "third count" the plaintiff sought to recover under a separate special contract an agreed sum of money for work performed in substitution of and in addition to the work called for under the principal contract. Under a "fifth count" the plaintiff sought to recover damages by him sustained by reason of the unreasonable determination of the principal contract by the defendant after the partial performance of the contract by the plaintiff. Under a "sixth count" in *quantum meruit* the plaintiff sought to recover the value of the work, labor and material performed and furnished by him under the principal contract at a time when he was interrupted in and deprived of an opportunity to fulfil that contract. The jury brought in a general verdict for the plaintiff not specifying the count on which the finding was made. The exceptions of the defendant relate to the judge's charge.

Relative to the "fifth count" the judge instructed the jury in part as follows: "The plaintiff says that the contract was unjus-

tifiably terminated, and the burden is on him to show it, and if he satisfies you by a fair preponderance of the evidence that it was unjustifiably terminated, he is entitled to recover. What? He is entitled to recover what it cost him, or what his loss was, in other words. You will determine how much he expended in the construction of this work, what he put into it and the cost of what he put into it, what money he was out of pocket on account of this work, and also you may consider, although I don't believe it is contended for here, but it is an element of damage also, the profits that he would have made on this contract if he was allowed to complete it; but there is no evidence of any profits here, so you need not consider it." The defendant excepted to this portion of the charge and now contends that the true measure of damages is not the amount actually expended by the plaintiff in the construction of the work but is the fair value of that work, and that the jury should have been so instructed. No error appears in the charge. In the absence of evidence that the actual expenditures and outlays were extravagant and unnecessary for the purpose of carrying out the contract they are presumed to have been reasonably made and incurred by the injured party. *United States* v. *Behan,* 110 U. S. 338. *United States* v. *United States Fidelity & Guaranty Co.* 236 U. S. 512, 525. *Cederberg* v. *Robison,* 100 Cal. 93. *Olds* v. *Mapes-Reeve Construction Co.* 177 Mass. 41.

At the trial the plaintiff disclaimed and renounced every right to profits which would have resulted from the contract had he been permitted to perform it. The right to recover for work necessarily done or expense reasonably incurred is distinct.

The defendant excepted to that portion of the charge which dealt with the question of bad faith, the language referred to being as follows: "I spoke to you a moment ago about bad faith. If a man intentionally departs from a contract or does it in bad faith, he can't recover, although the other side may be benefited, you may say, by getting the structure, but there may be bad faith and intentional departure in some parts of the work and not in all, so in those cases you may determine whether there was bad faith which went to the essence of the building itself, which affected it finally in its value, or whether the bad faith upon the evidence here is confined to two particular things, the roof and the chimney. If it is confined to them and does not affect the rest

of the building, he can't recover, of course, as far as those items go, but if in all other respects he erected the building in good faith, and his departure was not a blamable departure from the requirements of the contract, he can recover for the benefit conferred upon this lady, if there was benefit." It is plain the instructions complained of permitted the jury to find for the plaintiff, as it did, although it should find, as it did, that the plaintiff in bad faith departed from the contract in two particular things, not trivial, the roof and the chimney, if it should also find that there was no bad faith which went to the essence of the building itself, which affected it finally in its value and was not of such a substantial character as to defeat any right of action whatsoever. The question presented was decided in *Sipley* v. *Stickney*, 190 Mass. 43, 46, wherein the court referring to *Homer* v. *Shaw*, 177 Mass. 1, said: "But the doctrine of *Homer* v. *Shaw* does not necessarily reach the case at bar. For we assume that in *Homer* v. *Shaw* and the other cases *supra* the breach went to the essence of the contract, and that in the case at bar the failure to return accurate statements might have been held not to go to the essence of the contract. We also assume that a breach after part performance not going to the essence of the contract ordinarily will not prevent a recovery on the contract. But we are of opinion that a wilful default in the performance of a stipulation not going to the essence of the contract bars a recovery. In this Commonwealth, where there is a remedy under some circumstances outside the contract in case a building is erected on the defendant's land, it is restricted 'to cases in which there is an honest intention to go by the contract.' *Hayward* v. *Leonard*, 7 Pick. 181, 187. To the same effect see *Hattin* v. *Chase*, 88 Maine, 237; *Kane* v. *Stone Co.* 39 Ohio St. 1; *Moore* v. *Carter*, 146 Penn. St. 492; *Barrett* v. *Coal Co.* 51 W. Va. 416." See also *Mark* v. *Stuart-Howland Co.* 226 Mass. 35; *Crane* v. *Knubel*, 61 N. Y. 645; and *Van Clief* v. *Van Vechten*, 130 N. Y. 571, 579, wherein it is said, "While slight and insignificant imperfections or deviations may be overlooked on the principle of *de minimis non curat lex*, the contract in other respects must be performed according to its terms. When the refusal to proceed is wilful the difference between substantial and literal performance is bounded by the line of *de minimis*;" and cases cited. There is nothing in *Bowen* v.

*Kimbell,* 203 Mass. 364, or in *Handy* v. *Bliss,* 204 Mass. 513, that gives countenance to the contention of the plaintiff as expressed in the charge.

The exceptions must be sustained.

*Exceptions sustained.*