PERRY A. SMEDLEY *vs.* HIRAM C. WALDEN.

Berkshire.     September 18, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Contract,*Performance and breach,Building contract.   *Practice, Civil,* Requests, rulings and instructions, Judge's charge.

It is the settled law of this Commonwealth that an intentional departure or wilful default in the performance of a substantial stipulation of a contract is in itself such bad faith as bars recovery, regardless of the presence or absence of an intent to gain or obtain some advantage thereby.

A contract for the construction of a building for $16,600 contained a provision, " No portion of the work or contract shall be sublet or assigned by the General Contractor except by permission of the Owner in writing."   There was another provision that plastering should be " three-coat work."   At the trial of an action by the contractor against the owner for a balance alleged to be due on the contract, it might have been found on conflicting evidence that the plaintiff sublet the mason work to a firm who performed it for $10,234, and that he used only two coats in the plastering work. *Held,* that

(1) The jury should have been instructed in substance in accordance with the following ruling, asked for by the defendant: " The plaintiff cannot recover in this action if there was an intentional departure in a substantial matter from the plans and specifications in the construction of this building although the defendant made no objections to the work as performed, unless it is proved that the defendant consented and agreed to such departures from the plans and specifications and such changes in the work performed; "

(2) The jury should have been instructed in substance in accordance with the following ruling, asked for by the defendant: " The plaintiff cannot recover in this action if there was an intentional departure in a substantial matter from the plans and specifications in the construction of this building although the work done and material furnished was of equal value to that specified; "

(3) Instructions by the judge to the jury that, if the defendant knew of and understood the subletting, he could not object in this action, and that, if he did not know of it, " and nevertheless the proceeding was done in good faith and as a result did not affect the substantial completion of the building, then in spite of the deviation in that respect, there nevertheless can be a recovery; " and that good faith " means with an honest intent to perform the contract substantially and with no effort to gain personally by the change," constituted error prejudicial to the defendant.

CONTRACT, with a declaration as amended in four counts, for a balance alleged to be due for the construction of a building for the defendant. Writ dated December 13, 1917.

The third count of the declaration as amended was upon an account annexed containing a single debit item, " To amount of the contract price for erecting and finishing theatre building, $16,600," and fourteen credit items amounting to $14,645.07. The fourth count was " for labor performed and furnished " by the plaintiff to the defendant " at the defendant's request and for materials furnished by him to the defendant and at the defendant's request in the erection of a building for the defendant according to " an account annexed containing six hundred and sixty-nine items. Other pleadings are described in the opinion.

In the Superior Court, the action was tried before *Wait*, J. Material evidence, requests for rulings, portions of the charge to the jury and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $2,708.62. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*F. R. Shaw*, for the plaintiff.

PIERCE, J. This is an action of contract to recover the balance alleged to be due the plaintiff on a written contract for the construction of a " Movie Picture House and block " as shown on the drawings and described in the specifications, which are made a part of the contract. When the action was brought in the Superior Court the declaration contained a count upon the original contract, and a count for extras which is not now an issue in this case. The case was referred to an auditor, who heard testimony and filed his report; that report is not material to the questions of law here presented. At the trial before a jury the plaintiff

amended his declaration by adding two counts: count 3, an account annexed with one item; and count 4, an account annexed for work and material performed and furnished, with credit items and a balance in favor of the plaintiff of $2,252.38. It is agreed that the answer of the defendant on file applied to the amended declaration.

The specifications signed by the plaintiff and the defendant and made a part of the contract provide, among other provisions, that " The work will be let under the form of contract on file at the office of the Architect. No portion of the work or contract shall be sublet or assigned by the General Contractor except by permission of the Owner in writing." Upon conflicting evidence the jury would have been warranted in finding that the plaintiff sublet the mason work described as item 651 in count 4 of the amended declaration to Arthur W. Josslyn, doing business as a corporation under the name of McDonald and Josslyn; that McDonald and Josslyn paid for all work and material comprised in the part of the contract performed by Josslyn; and that Josslyn billed the work to the plaintiff, after he got it done, at $10,233.74, the entire price for the whole work under the contract being $16,600. The plaintiff never presented to the defendant a bill of items, or offered evidence to show what items made up the $10,233.74. The specifications in reference to plastering provide: " All Plastering in cellar to be one-coat work. All other plastering to be three-coat work. Plaster throughout with Kings Windsor Asbestos Cement. To be put on and finished in strict accord with the manufacturer's specifications." At the trial " the plaintiff admitted that he put on only two-coats of plastering, that thereby he saved some money, that the defendant knew nothing of the changes but that his two-coat job was better than a three-coat job. He testified that the third coat could not now be put on, and the only way to comply with the specifications in this particular was to take the two-coat work off and plaster over again. He could not estimate how much this would cost." He further testified, in substance, that two-coat work would be more valuable to the owner of the building; that he would " refuse

to put on three coats for any one and have to guarantee the job; " and that he would " refuse to do a job and have to put three coats on a wooden lath," as the specifications in this contract explicitly required should be done. On the other hand the defendant testified, and offered evidence to the effect, that three-coat work is better work and " is substantially different plastering from the two-coat work." On the testimony of the plaintiff the jury would have been warranted in finding that he intentionally and wilfully to save money for himself departed from the contract.

In addition to the evidence offered to prove an intentional departure from the contract in the matter of subletting a portion of the contract, and in the matter of the substitution of two-coat for three-coat plaster work, the defendant offered evidence which warranted a finding of a departure, and in some instances of an intentional departure, from the requirements of the contract in regard to the matching of bricks and to the closeness of their joints, in regard to the whiteness of the mortar for the front of the block, in regard to the coping, in regard to the bridging and grouting, in regard to the construction of the roof and in regard to the substitution of concrete in place of a granite base or sill in front of the block.

At the close of the evidence, and before argument, the defendant made in writing requests for special findings by the jury upon the questions whether there were intentional departures in any substantial matter from the plans and specifications without the consent in writing of the defendant, and whether the plaintiff sublet to Josslyn the construction of all brick, cement and iron work. The requests were denied and the defendant saved exceptions thereto. These exceptions are not argued in the brief and are consequently treated as waived.

Before argument, the defendant submitted in writing the following requests:

" 1. Upon the evidence in this case the plaintiff cannot recover upon the first count of the declaration.

" 2. Upon the evidence in this case if the plaintiff sublet the brick work or any other substantial part of the con-

struction work under this contract, it was a violation of the contract in a substantial matter, and the plaintiff cannot recover.

" 3. Upon the evidence in this case if the plaintiff did not put on three coats of plaster but substituted therefor a plastering with only two coats, this is a departure from the contract in a substantial matter and the plaintiff cannot recover.

" 4. Upon the evidence in this case if the plaintiff did not construct the front of the brick block with white mortar as required by the plans and specifications, but in place thereof used a brown mortar, affecting the appearance of the front of the brick structure, this is a departure from the plans and specifications in a substantial matter and the plaintiff cannot recover.

" 5. Upon the evidence in this case if the plaintiff did not construct a coping one and one half inch overhanging the brick work upon which it was placed, but constructed the coping on the same plane with the brick work of the face of the wall then this is a departure from the plans and specifications in a substantial matter and the plaintiff cannot recover.

" 6. Upon the evidence in this case if the plaintiff did not bridge the joists and grout the joists as required by the plans and specifications then this is a departure from the plans and specifications in a substantial matter and the plaintiff cannot recover.

" 7. Upon the evidence in this case if the plaintiff did not construct the roof with plank resting upon the purlines but used planks so short that spike pieces were necessary then this is a departure from good workmanship and the construction called for by the plans and specifications and the plaintiff cannot recover.

" 8. Upon the evidence in this case if the plaintiff did not construct the foundation of granite but substituted therefor cement then this is a failure to construct in accordance with the plans and specifications, is a departure in a substantial matter therefrom, and the plaintiff cannot recover.

"The plaintiff cannot recover in this action if there was an intentional departure in a substantial matter from the plans and specifications in the construction of this building although the defendant made no objections to the work as performed, unless it is proved that the defendant consented and agreed to such departures from the plans and specifications and such changes in the work performed.

"The plaintiff cannot recover in this action if there was an intentional departure in a substantial matter from the plans and specifications in the construction of this building although the work done and material furnished was of equal value to that specified."

The first request was given. All the other requests were refused and the defendant duly saved his exceptions thereto.

In relation to the second request the court charged the jury as follows: "Now I was asked to instruct you that if the plaintiff sublet the brick work or any other substantial part of the construction work under this contract it was a violation of the contract in a substantial manner and that the plaintiff cannot recover. Now I don't give you that instruction. What I do say to you in regard to that matter is this: That the contract provided that there should be no assignment nor subletting except by the written consent of the owner. There wasn't any written consent to anything. Apparently there was no assignment of the contract. I instruct you that as matter of law whether or not there was a subletting of the contract depends upon facts and you have got to consider those facts. . . . If there was no subletting, then of course that element disappears from the case. If, on the other hand, there was a subletting, there was a deviation from the contract and you have got to consider that in connection with the other matters and in just the same way. In the first place, Did Mr. Walden know about it and understand it? If he did, he can't object. If he didn't, and nevertheless the proceeding was done in good faith and as a result didn't affect the substantial completion of the building, then in spite of the deviation in that respect, there nevertheless can be a recovery."

Respecting intentional departures from the contract in

a substantial matter, the court charged the jury as follows: " I was just speaking about good faith, and the substantial performance of the contract being the things which the plaintiff must prove where there is a failure to perform absolutely the provisions of the contract if he is to recover at all. Good faith is not an altogether easy thing to define. It's perhaps easier sometimes to say what's bad faith than what's good. But it means, in such a case as this, it means with an honest intent to perform the contract substantially and with no effort to gain personally by the change. Now it may be that there is a departure which is intentional, but the mere question of intent does not determine the question of good faith. The question is, taking all the circumstances, was what was done done in bad faith? That is to say, with the intention not to perform the contract for some advantage to be gained thereby."

To that part of the charge last above quoted, and to that part of the charge above quoted which stated that if there was a subletting of the contract but such subletting was " in good faith and as a result didn't affect the substantial completion of the building, then in spite of the deviation in that respect, there nevertheless can be a recovery," the defendant duly excepted.

The provision of the contract that there shall be no assignment or subletting of any portion of the work except by permission of the owner in writing manifestly is an important and substantial matter which, at the least, was intended to insure the personal responsibility and the personal supervision of the contractor for and over every portion of the work from its inception to its completion. It is plain this responsibility to be complete must include the intentional defaults and the negligent omissions and commissions of subcontractors and assignees to the same effect and with the same contractual consequence as would follow if the contractor himself had been guilty of intentional departures and negligent omissions or commissions in the performance of the contract or of substantial parts of it.

In this Commonwealth, as in substance is stated in the charge, a plaintiff who has substantially performed a build-

ing contract except in some comparatively slight deviations, or in some slight unessential variations, may recover on a count in *quantum meruit* if he can show an attempt to perform it with such an " approximation to complete performance that the owner obtained substantially what was called for by the contract, although it may not be the same in every particular, and although there may be omissions and imperfections on account of which there should be a deduction from the contract price." *Lynch* v. *Culhane*, 241 Mass. 219, 222, and cases cited. And "the question whether there was a substantial performance of the contract is to be determined in reference to the entire contract, and what was done or omitted under it." *Bowen* v. *Kimbell*, 203 Mass. 364, 369. But it is also the settled law of this Commonwealth that an intentional departure or wilful default in the performance of a substantial stipulation of a contract is in itself such bad faith as bars recovery, regardless of the presence or absence of an intent to gain or obtain some advantage thereby. *Hayward* v. *Leonard*, 7 Pick. 181, 186. *Sipley* v. *Stickney*, 190 Mass. 43. *Bowen* v. *Kimball*, 203 Mass. 364, 371. *Lynch* v. *Culhane*, 237 Mass. 172, 175. There was evidence which warranted the jury in finding an intentional departure and wilful default in the performance of the contract in the matter of the subletting, in the matter of the plastering, and perhaps in other matters of substantial importance.

The requested instructions numbered 2, 3, 4, 5, 6, 7 and the first paragraph of the request numbered 8 involved the assumption of facts which had not been determined by the jury, and were rightly refused in the form presented. Paragraphs 2 and 3 of request numbered 8 in substance should have been given. The exception taken to the charge, in so far as it relates to the effect of good faith as distinguished from intent to depart from the terms of the contract, must be sustained.

*Exceptions sustained.*