FEDERAL NATIONAL BANK OF BOSTON *vs.* COMMONWEALTH.

Suffolk. January 11, 1933. — March 30, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract,* For public work. *Bond,* For public work. *Surety. Assignment. Agency,* Scope of employment. *Department of Public Works. Evidence,* Competency. *Waiver. Estoppel.*

It having been found that the financial secretary of the department of public works, who had charge of the records of the accounts, receipts and expenditures of that department and of assignments by persons who had contracted with the Commonwealth through that department, had no authority to waive a provision of a contract for highway construction that the contractor should not assign moneys due him thereunder from the Commonwealth without previous consent of the department in writing; that the contractor made such an assignment, a copy of which was sent by the assignee to the department and recorded by the financial secretary on his records; that no reply was made to the letter of the assignee containing the copy; that the assignee thereafter made demand upon the department for money payable to the contractor; that the commissioners of public works thereupon voted that the assignee be informed that the department could not pay over the money; that a notice pursuant to such vote was sent to the assignee; and that no other writing was sent or given by the department relative to the assignment, a conclusion was warranted that there was no waiver by the department of the provision of the contract relative to assignments, although there was evidence that the financial secretary orally told the assignee that it was all right to make the assignment and that the filing of a copy would be sufficient without the consent of the department in writing being obtained.

In the circumstances above described, there was no merit in a contention by the assignee that the Commonwealth was estopped to deny the authority of the financial secretary to waive the provision of the contract relative to assignments.

Such provision was valid and entitled the Commonwealth to refuse to recognize any assignment not made strictly in accordance therewith.

It further appearing that the assignment above described was given for money lent to the contractor by the assignee, that some of the money borrowed was used to pay laborers and materialmen and that the contractor had filed a surety bond pursuant to G. L. (Ter. Ed.) c. 30, § 39, it was *held* that, irrespective of whether the lending of the money for the purpose of paying laborers and materialmen gave the assignee a claim against the Commonwealth under the statute, he could not maintain a claim thereunder for the money due the contractor because he had not filed his claim as required by the statute and because there was no privity of contract between him and the Commonwealth.

The application for the bond above mentioned was made by the contractor to the surety thereon previous to the execution of the contract with the Commonwealth and provided that the surety should be subrogated to all the rights of the contractor and that the contractor thereby assigned all deferred payments, "retained percentages" and other moneys to the surety to be credited against losses and expenses incurred by the surety. *Held*, that

   (1) The assignment to the surety, contained in the application for the bond, was valid because the application, the execution of the bond and the making of the contract were essentially one transaction;

   (2) The assignee under the subsequent assignment for money lent to the contractor was not entitled to priority, as against the surety, to the sums retained by the Commonwealth.

So far as concerned the rights of the assignee under such subsequent assignment to the sums so retained, it was immaterial that said bond was more than adequate to pay the claims of laborers and materialmen, it appearing that such sums amounted to about $14,000 and that such claims amounted to about $26,000.

PETITION, filed in the Superior Court on March 13, 1931, under G. L. c. 258, and described in the opinion.

The petition was referred to an auditor and afterwards was heard by *Whiting*, J., without a jury. Material findings by the auditor and rulings by the judge are described in the opinion. The judge found for the respondent. The petitioner alleged exceptions.

*S. L. Bailen*, for the petitioner.

*S. H. Holmes*, Assistant Attorney General, for the Commonwealth.

PIERCE, J.   This is a claim brought by petition against

the Commonwealth under the provision of G. L. (Ter. Ed.) c. 258, by the Federal National Bank of Boston, claiming, as assignee, the sum of $14,325.78, with interest thereon, alleged to be due under a contract, dated December 24, 1929, between said Commonwealth, through its department of public works, and Frank Lanza, Alphonse G. Lanza and Louis Lanza, doing business as copartners under the firm name and style of Frank Lanza and Sons (referred to in said contract as the contractor), for certain road construction in the towns of Hingham and Weymouth.

In its answer the Commonwealth admitted the making of the contract; that on June 20, 1930, there was payable to the copartners a sum in excess of $12,000; that it received from the petitioner on June 21, 1930, a written notice of an assignment (a copy of which appears in the record); that on July 26, 1930, the copartners had completed their work and that it had approved the same; and that it is indebted for work done under said contract in the sum of $14,325.78. But it denied that that money is payable to the petitioner. It also admitted that on February 24, 1931, the petitioner made a written demand on it to pay over to the petitioner all moneys payable to Frank Lanza and Sons under said contract and that it refused to pay the same. Further answering the Commonwealth stated that "under and by virtue of a contract referred to in said petition . . . it was covenanted therein by said Contractor that it should not either legally or equitably assign any of the moneys payable thereunder, or the Contractor's claim thereto, except with the previous written consent of the Department," and further stated "that the Department never gave such assent to the assignment of any of the moneys payable under said contract." The answer of the Commonwealth further set up the provisions of the contract contained in art. XLIII, entitled "Claims against Contractor"; and alleged "that there have been claims filed against said sum retained by the Department under said contract in the total sum of $28,727.56 by persons whose names and residences are as follows . . ."; that it "has no interest in the subject matter of the present con-

troversy but is desirous of paying said sum of $14,325.78 now in its possession to such persons and in such amounts as the court may determine."

The case was referred to an auditor "under an agreement that the findings of fact were to be final." Hearings were had and a report was duly filed. Upon motion for confirmation of the auditor's report the case was heard with certain other cases (referred to in the bill of exceptions) by a judge of the Superior Court sitting without a jury. Upon the findings of the auditor the judge made the following orders and rulings in the instant case: "In the case of Federal National Bank *v.* Commonwealth of Massachusetts, number 258448, the report of the auditor is confirmed and a finding is entered for the defendant upon the report of the auditor. I rule, upon the facts found by the auditor, that Commonwealth of Massachusetts has no funds in its possession due to Federal National Bank, because of the terms of the contract between Frank Lanza and Sons and the Commonwealth of Massachusetts, relative to assignments, there being no written consent by the Commonwealth of Massachusetts to the assignment and no waiver or estoppel of its right to set up the provisions of the contract." The petitioner duly excepted to the judge's order, ruling, and overruling of the petitioner's objections to the auditor's report. The case is before this court on the exception thus taken.

The auditor found as a fact that the contract referred to in the petition was made between the Commonwealth and the copartnership doing business under the firm name and style of Frank Lanza and Sons; that "The bond filed by Lanza *et al.* with the Commonwealth is in the penal sum of $96,400 with New Jersey Fidelity & Plate Glass Insurance Company as surety and is conditioned upon the fulfilling of the covenants, conditions, and agreements in the foregoing contract on the part of the contractor, Lanza, and to indemnify and save harmless the Commonwealth, its officers and agents, and also that Lanza would pay for all labor performed or furnished and for all materials used or employed in carrying out of said contract. . . . [that this

is] a bond filed under the provisions of G. L. c. 30, § 39, as amended"; that "The contract provides (art. XIV) that 'The Contractor shall give his personal attention constantly to the faithful prosecution of the work, shall keep the same under his personal control, and shall not assign by power of attorney or otherwise, or sublet, the work or any part thereof without the previous written consent of the Department, and shall not, either legally or equitably, assign any of the moneys payable under this agreement, or his claim thereto, unless by and with the like consent of the Department'"; that "The 'Department' referred to in the foregoing quotation is the department of public works of the Commonwealth of Massachusetts"; that said contractor executed an assignment to the petitioner of moneys due under said contract; that no previous consent of the department to the assignment was given; that no written acknowledgment of receipt of this claim was made by the department at or near the time of its receipt, and that the department notified the attorney for the petitioner that no money could be paid to it upon its demand that the department should pay over to said bank all money retained by it and payable to Frank Lanza and Sons under the Hingham-Weymouth State highway contract.

At the hearing before the auditor the surety company offered, and the auditor received, in evidence the application for the bond referred to as part of the contract of December 24, 1929. The application is dated December 19, 1929, and contains an agreement of indemnity, one clause of which is as follows: "In further consideration of the execution of the said bond, the undersigned does hereby agree, as of this date, that the said NEW JERSEY FIDELITY & PLATE GLASS INSURANCE COMPANY, shall as surety on said bond, be subrogated to all rights, privileges and properties of the undersigned as principal and otherwise in said contract, and does hereby assign, transfer and convey to said Company all the deferred payments, and retained percentages, and any and all moneys and properties that may be due and payable at the time of such breach or default, or that may thereafter become due

and payable to said undersigned on account of said contract, or on account of extra work and materials supplied in connection therewith, hereby agreeing that all such moneys, and the proceeds of such payments and properties, shall be the sole property of the said NEW JERSEY FIDELITY & PLATE GLASS INSURANCE COMPANY, and to be by it credited upon any loan, cost, damage, charge and expense sustained, or incurred by it as above under its bond of suretyship." This application was signed by "Frank Lanza & Sons and by each member, individually, of the firm. No notice of this assignment, contained in the application, was ever given by the New Jersey Fidelity & Plate Glass Insurance Company to the Commonwealth, nor was it ever brought to the attention of the Federal National Bank."

The petitioner, in addition to its contention based upon the foregoing documentary evidence, raises the following issues: (1) "That by reason of a conversation between Lanza and Fair, the financial secretary of the department of public works, prior to the loan by the bank to Lanza and also by reason of a conversation between counsel for the bank and Fair prior to the assignment, Fair orally and by his conduct waived the provisions of the contract requiring written consent of the department of public works to the assignment to the bank"; (2) "That the moneys borrowed from the Federal National Bank by Frank Lanza and Sons were for the payment of laborers and materialmen engaged in the construction of this work"; and (3) "That the bond filed . . . was more than adequate to pay the claims of all laborers and materialmen."

In support of the contention numbered 1, the petitioner called Fair, who testified, in substance, that his position is that of financial secretary of the department of public works; that he is familiar with his own records; "that he has charge of the accounts, receipts and expenditures of all moneys, etc., which covers highways and waterways expenditures; that so far as the department of public works is concerned the actual payments are made by the State Treasurer upon vouchers; that if payment is to be

made to a person who holds an order or an assignment from the contractor such order or assignment goes through his (Fair's) hands, but payment would not be paid, unless authorized by the commissioners of public works; that before payment of an order or assignment is made it would go through his hands before it went to the board and all details with reference to the orders and assignments and also information with reference to them or the manner of making them is in his hands; that he . . . is in sole charge of this work; that the method of handling assignments is this — they first come into his hands and then go generally to the board for record purposes; he . . . also keeps a record of them and is the only person in charge of that phase of the work."

Upon the evidence the auditor found "as a fact and not as a matter of law" that Fair was without authority to waive the provision of this contract of the department of public works for and on behalf of the Commonwealth, and that he is an employee of the department of public works and not an executive or administrative officer of the Commonwealth. This finding of the auditor is final and conclusive, and required a rejection of the testimony, which is reported in the bill of exceptions, to the effect that the contractor before making the assignment to the petitioner had a talk with Fair wherein Fair told Lanza it was all right to make an assignment to the bank; that Lanza asked if it was necessary to get a written order to give the bank and Fair said there was no need of it, they would call up and "find out whatever it is"; that counsel for the bank thereupon talked with Fair, either on the day or the day before the assignment was executed, and said that Lanza had been to the bank in regard to a loan to be secured by an assignment of the fifteen per cent reserved by the Commonwealth; that he and Fair checked up the amount and found it to be in excess of $12,000. Counsel then asked Fair how the assignment could be made and the requirements of the Commonwealth in regard to notice of it, and Fair said if counsel filed a copy of the assignment as drawn, it would be filed with the board and that would be ade-

quate protection to obtain the security desired. The auditor found that the contract of December 24, 1929, was not examined by counsel for the bank prior to the making of the assignment. He makes no finding that the bank knew of provisions of the contract relative to assignments without such examination.

It is obvious that the auditor's conclusion of fact upon all the evidence, that there was no waiver on the part of the Commonwealth of the provision relative to assignments and at no time was there written consent to the assignment by the department of public works, has evidence to support it and that his findings of fact in this respect must stand. *Marden* v. *Howard*, 242 Mass. 350, 355; *Walsh* v. *Cornwell*, 272 Mass. 555, 562. The petitioner, however, contends that the auditor fails to deal at all with the question of waiver by the board of commissioners of public works, and presents in support of its position the following facts found by the auditor: (1) A copy of the assignment was mailed to the department of public works, State House, Boston, directed to the attention of Fair; (2) The receipt of the assignment was recorded by Fair on his records. There is no finding that the receipt was recorded by the board. (3) No reply was made to the letter of the bank containing the assignment; and (4) On February 24, 1931, counsel for the bank wrote to the department of public works making a demand for the money payable under the Lanza contract. On March 3, 1931, this letter was brought to the attention of the commissioners of public works and it was "Voted that Mr. Bailen [attorney for the bank] be informed that there is a reserve under the Hingham-Weymouth contract of $14,325.78, that there are claims on file . . . amounting to more than $28,000, and that the department cannot . . . pay over money to the Federal National Bank as requested." On March 4, 1931, as voted, a letter was sent to Mr. Bailen, "Attorney, Federal National Bank of Boston," and no other writing was sent or given by the department relative to this assignment. The petition in the case was filed March 13, 1931.

It is plain, aside from the acts and declarations of Fair,

that the department of public works, as such, officially never acted in respect to any assignment of moneys due or to become due the Lanza copartnership under the contract of December 24, 1929, and there is no finding that the department held out Fair as an employee with authority to waive the express requirement of the contract for the Commonwealth as to assignments. Indeed, there is no finding, and presumptively there was no evidence, that the department, before the loan was made by the bank to Frank Lanza and Sons and the assignment made, had actual or constructive notice that the bank intended to lend money to Frank Lanza and Sons, secured by retained percentages in the possession of the Commonwealth. On the above facts there is nothing to support the petitioner's contention that the Commonwealth is estopped to deny the authority of Fair to waive the provision of the contract relative to assignments, nor is there any evidence to warrant the contention of the bank that it was induced by the acts of the department not to examine the contract before making the loan to Frank Lanza and Sons, and therefrom learn that an assignment to be valid must be with the previous written consent of the department. Without discussion, it is settled law that parties to a contract can agree that the contract in all its terms shall be nonassignable both at law and in equity, and that the Commonwealth in the pending case could refuse to recognize any assignment not within the strict provisions of it. *Pike* v. *Waltham,* 168 Mass. 581. *Old Colony Crushed Stone Co.* v. *Cronin,* 276 Mass. 221, 226. *Bonds-Fisher Lumber Co.* v. *Northern Pacific Railway,* 53 Wash. 302, 307, and cases cited.

Upon the issue of the petitioner numbered 2 the auditor found "that the money borrowed from the bank as well as money received by Lanza from the Commonwealth as payments on account of contract was placed in the general account of Frank Lanza and Sons, from which account all payments of the concern were made, which included office rent and expenses, salaries of members of the firm, and so forth. Some of the money so borrowed was used for the payment of labor and materials, but what part, how much

or for what labor and materials was not in evidence." Upon this finding, putting to one side the question whether, if the money was lent for the payment of claims for labor and materials, the petitioner had a claim against the Commonwealth under G. L. (Ter. Ed.) c. 30, § 39, it is plain the petitioner had no claim under that statute for the reason it filed no claim as required by statute and there was no privity of contract between it and the Commonwealth.

The petitioner is not entitled to priority in the retained percentages as against the surety company, for the reason that the surety company was an assignee of such retained percentages by virtue of an assignment prior in time to the assignment held by the petitioner. The assignment to the surety company was for a valid consideration; it was contained in the application for the surety bond signed by the contractor which was dated before the date of the contract. In *Commercial Casualty Ins. Co. of Newark* v. *Murphy, ante,* 100, it was said of a like situation that the application for a surety bond, the execution of the bond, and the contract all related to the same subject matter and should be treated as essential parts of one transaction; so considered that assignment is not invalid.

The issue numbered 3 relates to the bond to pay claimants. It is immaterial whether or not the bond filed with the contract was more than adequate to pay the claims of laborers and materialmen for the reason that here there were claims (subject to the approval of the court) amounting to $26,711.64, and there was in the hands of the Commonwealth after the approval of the work $14,325.78. There therefore remained nothing in the retained percentages which was applicable to the assignment, the petitioner had no rights under the bond and could not have brought an action at law or in equity in its own name thereon. *Newbury* v. *Lincoln,* 276 Mass. 445, 450.

*Exceptions overruled.*