NICHOLAS RUSSO & others *vs.* CHARLES I. HOSMER, INC.

Franklin.    September 16, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Contract,* Performance and breach, Construction, Waiver, Building contract, Implied contract, Subcontract.  *Waiver.*

Unjustifiable and intentional deviation by a subcontractor from a contract for construction of a highway fence, by furnishing about fifteen hundred cement posts reinforced by two or three steel rods instead of posts reinforced by four rods, was material and prevented his recovery, either in an action upon the contract or upon a quantum meruit, of a balance alleged to be due him for the posts installed.

Acceptance by the Commonwealth of certain items on a public work as if performed, and payment to the general contractor therefor without knowledge by either the Commonwealth or the contractor that a subcontractor who had undertaken their performance had failed to perform properly, did not show a waiver by the contractor of such failure nor preclude his relying thereon in defence to an action by the subcontractor against him either upon his contract or upon a quantum meruit.

A subcontractor upon public construction work for the Commonwealth had no right to recover for an extra for work stated in his contract to be included in the unit prices therein provided for, although the contract between the Commonwealth and the general contractor was amended so as to permit the general contractor to receive payment from the Commonwealth for such work.

The mere facts that a general contractor with the Commonwealth sublet part of the work without securing the consent of the department of public works as required by his contract, and that he was paid by the Commonwealth a certain amount for such work, did not entitle the subcontractor to recover such amount from the general contractor as money had and received to the subcontractor's use.

CONTRACT.  Writ in the District Court of Franklin dated February 12, 1940.

On removal to the Superior Court, the action was heard by *Leary,* J., upon a report of an auditor whose findings of fact were to be final.

*C. Fairhurst,* for the defendant.

*J. T. Bartlett,* (*H. H. Flower* with him,) for the plaintiffs.

RONAN, J.  The defendant, hereafter called Hosmer,

entered into a contract with the Commonwealth to repair a section of a State highway which had been damaged by the hurricane and flood of September, 1938. Hosmer by a contract in writing sublet to the plaintiffs, hereafter called Russo, a portion of the work, which consisted of the erection of highway guard railing at specified prices for certain types of rails. The first count of the declaration is on the written contract. The second count is upon a quantum meruit for materials furnished and labor performed. The third count is for money had and received for extras. The fourth count is also for money had and received — the amount that Hosmer received from the Commonwealth for the work done by Russo. An auditor, whose findings of fact were to be final, has found that Russo had erected a certain number of feet of a particular type of fence, together with sixty-seven anchors for fastening the ends of the two cables that pass through the cement posts and comprise this type of fence, and awarded Russo the balance due after crediting him at the contract prices for this work and deducting the payments made on account by Hosmer. He also made alternative findings, one of which was an extra amounting to $41.20 for removal of ledge. The judge made a finding for Russo in an amount which would seem to indicate that it was based upon the said balance and the said extra together with interest. The defendant appealed from a finding for the plaintiffs.

The report of the auditor constitutes a case stated, and an appeal from the finding for the plaintiffs, which we consider as an order for judgment, properly brings the case here. *Pesce* v. *Brecher*, 302 Mass. 211. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505.

Russo cannot recover upon the first count upon the written contract without showing complete performance in strict accordance with its terms, *Searls* v. *Loring*, 275 Mass. 403; *Zarthar* v. *Saliba*, 282 Mass. 558, and he cannot maintain the second count for quantum meruit for the fair and reasonable value of the materials furnished and labor supplied in executing the written contract without showing

that he has substantially performed the contract and also that he attempted in good faith fully to perform the contract. An intentional departure from the terms of the contract without justification or excuse in matters other than those so trifling as to be properly regarded as falling within the rule of de minimis will bar all recovery for materials supplied and work performed which were required for the performance of the contract. *Bowen* v. *Kimbell*, 203 Mass. 364. *Smedley* v. *Walden*, 246 Mass. 393. *Divito* v. *Uto*, 253 Mass. 239. *Hub Construction Co.* v. *Dudley Wood Works Co.* 274 Mass. 493. *Glazer* v. *Schwartz*, 276 Mass. 54. *Andre* v. *Maguire*, 305 Mass. 515.

The auditor found that the construction of the highway guard rail or fence required the installation of fifteen hundred five posts made of concrete reinforced by four rods, and that the posts that Russo manufactured and supplied contained only two or three steel rods. Twelve of these posts were tested after they had been erected by Russo and were found to contain two rods. They were replaced by Russo by posts that were reinforced by four rods. Neither the defendant nor the department of public works had any actual knowledge that the remaining posts had less than four rods each. One of the purposes of the highway guard rails was to furnish barriers sufficiently strong to prevent automobiles from being precipitated from the highway down the retaining slope to the lower land which adjoins the highway. The stability of such barriers depended entirely upon the strength of the posts. And the strength of the posts in turn depended upon the extent to which they were reënforced by the rods. The omission of one or two rods from each of these posts was a material deviation from the terms of the contract. The findings of the auditor show no excuse nor justification for the erection by Russo of such posts. There is no finding that Russo made any honest endeavor to carry out the contract in this respect. Such findings as were made, so far as they were pertinent to this matter, would indicate the want of good faith upon the part of Russo. There was error in ordering judgment for Russo for the balance alleged to be

due him under the contract. *Burke* v. *Coyne*, 188 Mass. 401. *Hennessey* v. *Preston*, 219 Mass. 61. *Lynch* v. *Culhane*, 237 Mass. 172. *Divito* v. *Uto*, 253 Mass. 239. *Andre* v. *Maguire*, 305 Mass. 515.

We cannot, for reasons already stated, accede to the plaintiffs' argument that the failure to supply posts with four steel rods was trivial. Neither can we agree with the plaintiffs' contention that the acceptance of the work by the Commonwealth and its payment therefor to Hosmer were a waiver of the failure of Russo to furnish and erect posts having the required number of rods. There is nothing in the auditor's report that will support a waiver. There is an express finding that neither Hosmer nor the department of public works knew that these posts contained less than four rods. Hosmer on this record cannot be said to have waived a defect that was unknown to him. A waiver is an intentional relinquishment of a known right. *Boston Elevated Railway* v. *Maryland Casualty Co.* 232 Mass. 246. *Wedgwood* v. *Eastern Commercial Travelers Accident Association*, 308 Mass. 463.

The third count is based upon a claim for work performed outside of the contract. This claim includes two items, one for removing and stacking the old guard rails, amounting to $1,148.40, and the other for $41.20 for removing ledge. The contract between the parties set forth the unit prices for the building of the new highway guard rails and then provided that "All of these prices include removing and stacking the present wood guard rails to locations directed or suggested by the supervising engineer." The removal and stacking of the old rails was included in the contract and was not an extra. Payment for doing this work was included in the unit prices that were to be paid for erecting the new highway guard rails. The fact that the contract between Hosmer and the Commonwealth was amended by permitting Hosmer to charge and receive $1,148.40 for this item does not permit Russo to collect this amount from Hosmer. This money was not paid to and received by Hosmer for the benefit of Russo. Russo's compensation was fixed by the contract between

them, which was never modified, and Russo was not to have any additional compensation for the item in question. On the findings of the auditor Russo was entitled to $41.20, the amount charged for the blasting he did, which was an extra.

The fourth count is for money had and received, and claims the full amount paid by the Commonwealth to Hosmer for the work done by Russo, on the theory that Hosmer had no right to sublet this work to Russo except with the previous written consent of the department of public works; it is contended that such consent was never obtained and, consequently, that it would be against public policy to permit Hosmer to retain what he has been paid for the work included in Russo's contract. The Commonwealth never raised any objection to Russo doing a portion of the work included in Hosmer's contract. Russo was a stranger to the contract between Hosmer and the Commonwealth and he had no contractual relation with the latter. He was not damaged nor affected by the failure to observe the provisions in Hosmer's contract with the Commonwealth governing the subletting of the work. That provision was solely for the benefit of the Commonwealth, which could exercise the right therein reserved to it if it saw fit, and there was nothing contrary to public policy in either the exercise or the lack of the exercise of this right. *Jernegan* v. *Osborn*, 155 Mass. 207. *Pike* v. *Waltham*, 168 Mass. 581. *Staples* v. *Somerville*, 176 Mass. 237. *Jennings* v. *Whitney*, 224 Mass. 138. *Old Colony Crushed Stone Co.* v. *Cronin*, 276 Mass. 221. *Federal National Bank of Boston* v. *Commonwealth*, 282 Mass. 442. *Portuguese-American Bank of San Francisco* v. *Welles*, 242 U. S. 7. *Martin* v. *National Surety Co.* 300 U. S. 588. *Charles I. Hosmer, Inc.* v. *L. P. Federico & Son*, 89 N. H. 378.

The order appealed from must be reversed, and judgment is to be entered for the plaintiffs for $41.20 with interest and costs.

*So ordered.*