*Northern District*

No. 5394

**GEORGE PANAGOPOULOS**

**v.**

**HARRY GINESKY**

(February 13, 1961)

*Present:* Brooks, P. J., Eno & Northrup, JJ.

Case tried to *Duggan, J.*, in the District Court of Peabody. No. 21068.

*Northrup, J.* This is an action of contract to recover a deposit of Five Hundred ($500) Dollars turned over to the defendant, an attorney at law, in connection with a proposed real estate transaction between the defendant's client, Corinne Krinsky and the plaintiff.

*At the trial there was evidence tending to show that* prior to February 2, 1959 Corinne Krinsky was the holder of a second mortgage on property located at 48 Fulton St., Peabody, Massachusetts and that on said date, under foreclosure proceedings instituted by her, the property was sold at auction and purchased by her at said sale. On the same day the plaintiff and Krinsky entered into an oral agreement whereby the plaintiff agreed to purchase the property from Krinsky for $8,600 and the plaintiff turned over to the defendant as a deposit on the purchase price the sum of $500 and received in return a receipt for the same which read as follows:

"                                    February 2, 1959
Received of George Panagopoulos of Peabody, Essex County, Massachusetts, as a deposit on the sale of property located at 48 Fulton Street, Peabody, Mass. $500.00 on the purchase price of $8,600.00.

To be refunded if a sales agreement of usual form is not entered into by Corinne Krinsky of Newton, Middlesex County, Massachusetts and said Panagopoulos with-

in two weeks of February 2, 1959."

The written sales agreement contemplated by the parties as evidenced by the foregoing receipt was never entered into by the parties. No foreclosure deed of the premises to said Krinsky was ever executed and in June of 1959 the first mortgagee took title to the property at a foreclosure sale of the first mortgage on the property.

There was further testimony that Krinsky was ready, willing and capable of giving a marketable title to the plaintiff until the first mortgagee took title as aforesaid. The trial court found that the defendant made a tender to convey which the plaintiff refused to accept for the reason that he found the upper apartment inadequate for his requirements.

On March 7, 1959 counsel for the plaintiff wrote the defendant demanding the return of the $500 which was refused by the defendant.

At the conclusion of the evidence and before final argument the plaintiff duly filed the following requests for rulings:

"1.   If the court finds that no binding real estate sale and purchase agreement was entered into between the plaintiff and Corinne Krinsky as stated in the receipt attached to the plaintiff's declaration, the court should find for the plaintiff."

"2.   If the court finds that Harry Ginesky signed the receipt attached to the plaintiff's declaration as escrow agent, then the court should find for the plaintiff."

"3.   If the court finds that there is no evidence

of any memorandum, as required by the statutes of frauds, sufficient to enable the plaintiff to compel a conveyance of real estate then the court should find in favor of the plaintiff."

"4. If no sales agreement of usual form was entered into between Corinne Krinsky of Newton, Middlesex County, Massachusetts, and the plaintiff within two weeks of Feb. 2, 1959, then the court should find in favor of the plaintiff."

"5. The burden of proof is on the defendant to establish that a sales agreement was entered into as indicated by the defendant's answer."

The trial court ruled on the plaintiff's requests as follows:

"1. Denied. Is inapplicable to the facts as found by the Court."

"2. Denied. It is not in conformity to the facts as found by the Court."

"3. Denied. See answer to No. 2."

"4. Denied. I find as a fact that the defendant made a tender to convey and the plaintiff made it impossible for the defendant to comply and thus he cannot profit from his own act."

The plaintiff claimed a report of the trial court's rulings on his requests for rulings and also requested a report on the admissibility of certain evidence introduced at the trial. However we do not consider this latter objection for the reason that the plaintiff failed to comply with the requirements of Rule 27 of the District Court Rules under which ob-

jections to the admissibility of evidence must be reduced to writing and filed with the clerk within five days after the making of such rulings. The only issue before us therefore, is the question of the correctness of the trial court's rulings on the plaintiff's requests for rulings.

> ". . . that an intentional departure or wilful default in the performance of a substantial stipulation of a contract is in itself such bad faith as bars recovery. . . ." *Smedley v. Walden*, 246 Mass. 393, 400.

*Lynch v. Culhane*, 237 Mass. 172, 175; *Sipley v. Stickney*, 190 Mass. 43, 47:

> "In Metcalf on Contracts, pp. 7-9, the general doctrine is laid down that: 'If the failure to perform the express contract be intentional, it is such bad faith that he can recover nothing.' "

Applying this principle of law to a specific situation, it follows that generally, where money is deposited under a purchase and sales agreement, the agreed purchaser cannot recover back his deposit if he refuses without just cause to carry out the terms of the agreement. However, this is not true where the final agreement with respect to the transaction has not been entered into by the parties, nor where there is a specific escrow agreement governing the disposition of the monies, as in the case at bar.

Here, there was an oral agreement intended to be preliminary to a written agreement which the parties contemplated entering into. The wording of the escrow receipt signed by

the defendant, who was the attorney for the seller, and accepted by the plaintiff, is conclusive of this fact. Under such circumstances, until the written agreement contemplated by the parties is executed, no binding agreement exists between them and consequently either party to the transaction can withdraw from the same without incurring liability. *Doten v. Chase,* 237 Mass. 218; *Herbert v. Jaffe,* 281 Mass. 237.

Applying this principle of law to the case at bar, until all of the final terms respecting the sale and purchase of the property had been agreed upon, reduced to writing and signed by the parties as contemplated by them, there was no final meeting of the minds and both the plaintiff and the seller had the right to withdraw his or her offer without suffering any legal consequence as a result of the same.

But there is an even more basic reason why the defendant is legally liable for the return of the deposit and that is because he is required by the terms of his agreement with the plaintiff to do so. While the defendant was attorney for Krinsky and was also acting as escrow agent for both Krinsky and the plaintiff, the agreement itself was a personal undertaking on the part of the defendant and was entered into by him in his individual capacity and not as an agent or representative of either of the parties. The agreement was collateral to the oral agreement between the plaintiff and Krinsky. Under it, the defend-

ant agreed to hold the $500 turned over to him by the plaintiff for a period of two weeks. If at the end of this time there was a written agreement between the plaintiff and the seller with respect to the purchase, the deposit was not to be returned but presumably was to be held under the written agreement as the down payment on the purchase price of the property. If, on the other hand, a written agreement was not entered into by the parties, then the deposit was to be returned by the defendant to the plaintiff.

The trial court found for the defendant on the grounds that the seller Krinsky was ready, able and willing to convey the property to the plaintiff for the sum agreed but that the plaintiff refused to purchase the same, thus breaching his agreement with the seller. However the agreement between the plaintiff and the defendant did not provide for retention of the deposit under such circumstances. Contrary to the ruling of the trial court, this breach by the plaintiff of his oral agreement with Krinsky did not affect the written terms of the escrow agreement between the plaintiff and the defendant. The written terms of the escrow agreement are clear and unequivocal and since no written agreement was entered into by the parties, the plaintiff by the specific terms of his agreement with the defendant became entitled to the return of his deposit. There is no provision in this agreement, nor can one properly be read into it, that the monies deposited by the

plaintiff could be retained by the defendant if the plaintiff breached his oral agreement with Krinsky, nor is there anything in the escrow agreement requiring the plaintiff to enter into a written agreement if he chose not to do so. The principle governing the facts in the case at bar is set forth in *Restatement: Contracts,* §257 as follows:

> "Failure of a condition to exist or to occur even though the condition is some performance by a party to the contract, is not a breach of contractual duty by him unless he has made an enforceable promise that the condition exists or shall occur."

Under this principle the plaintiff, is entitled to the return of his deposit.

The refusal of the trial court to grant the plaintiff's request No. 4 was prejudicial error, and since, upon the facts of the case, the granting of this request would have required a finding for the plaintiff, the finding for the defendant is vacated and a new finding is to be entered for the plaintiff in the sum of $500.

So ordered.

Nicholas J. Deovulos of Peabody, for the Plaintiff.
Joseph Krinsky of Gloucester, for the Defendant.