*Western District*

## RAYMOND MEGIZSKY, ET AL, d/b/a MEGIZSKY ELECTRIC CO.

v.

## NORMAN RONALD SALEN, d/b/a, and ADAMS HOME MODERNIZING AND CONSTRUCTION CO., INC.

*Argued:* April 18, 1968—Decided May 21, 1968.

*Present:* Garvey, P.J., Moore, Allen, JJ.

Tried to: *Walsh, J.* in the District Court of Springfield. No. 184380

*Moore, J.* This is an action of contract wherein the plaintiffs, Megizsky and Brunell, co-partners doing business as Megizsky Electrict Company, seek to recover for work and materials furnished by the plaintiffs in a store in Longmeadow, Massachusetts known as Lucky's Inc.

The declaration of the plaintiffs was as follows:

> "The plaintiffs, RAYMOND MEGIZSKY and LEONARD L. BRUNELLE, co-partners doing business under the firm name and style of MEGIZSKY ELECTRIC COMPANY, say that the defendant, NORMAN RONALD SALEN, is an individual, now or formerly doing business under the name and style of ADAMS HOME MODERNIZING CO., at 48 Avondale Road, in the Town of Longmeadow, in the County of Hampden, and Commonwealth of Massachusetts, and that the defendant, ADAMS HOME MODERNIZING & CONSTRUCTION CO., INC., is a corporation formed recently, having a usual place of business at 48 Avondale

Road, in said Longmeadow, said corporation being a successor to the said NORMAN RONALD SALEN, d/b/a ADAMS HOME MODERNIZING CO., and said corporation's having absorbed and being liable for and having agreed to pay all of the unpaid liablilities of the said NORMAN RONALD SALEN, d/b/a ADAMS HOME MODERNIZING CO., and that the defendants owe the plaintiffs the sum of TWO THOUSAND AND ONE HUNDRED AND FIVE and 25/100 DOLLARS ($2,105.25), for work done and materials provided by the plaintiffs for the defendants, together with interest from April 1, 1965, at the rate of six per cent (6%) per annum, according to the account hereto annexed and marked "A"."

The trial judge found for the defendant corporation, Adams Home Modernizing and Construction Co., Inc., apparently on the ground that it was not in existence at the time the work was done. This fact alone would not be controlling, but the report does not set forth any evidence, written or otherwise, that the corporation assumed the debts of the unincorporated business.

Against the defendant, Norman R. Salen, the trial judge found for the plaintiffs in the sum of $2,105.25.

The report states that the defendant filed ten requests for rulings but the text of the

requests for rulings indicate that they were filed by both defendants. We can disregard those requests in reference to the defendant corporation, Adams Home Modernizing Construction Co., Inc., as they are inapplicable due to the trial judge's finding for the defendant corporation and the absence of any evidence or testimony to support the assumption by the corporation of the liabilities of the defendant, Salen, as alleged in the declaration.

As to the requests for rulings of law and the rulings thereon applicable to the defendant Salen, his argument and briefs indicate that his grievance lies mainly in the ultimate finding of the trial judge that all the work requested by the defendant was performed by the plaintiffs, despite the testimony of one of the plaintiff partners that "this job was never completed." Nowhere in the report is there any testimony as to what services or materials were involved in *this* (emphasis supplied) job. The trial judge, however, finds in his special findings of fact that the plaintiffs performed *all* (emphasis supplied) the work requested of it (the partnership) by the defendant. There is nothing in the reported testimony to indicate what the plaintiffs were supposed to do either in the original instance or later, which they failed to do. It was incumbent upon the party requesting the report to see that it contained all the evidence material to the question reported. *Posell* v. *Herscovitz*, 237 Mass. 513.

The case of *Rousseau* v. *Hosmer*, 312 Mass. 231, strongly relied upon by the defendant, is not applicable to this instant case as the *Rousseau* case was one wherein there was a written contract and the question arose as to whether there had been a substantial performance. In our instant case, we do not know in detail what the defendant was to do or what materials he was to supply. All we know is that the trial judge found that all the work requested by the defendant was performed in a workmanlike manner and the amounts charged were fair and reasonable both as to labor and materials. All the essentials necessary to sustain a *quantum meruit* count for labor and materials have been met in this action. See *Loftus* v. *Lauf*, 329 Mass. 374, *Hathaway* v. *Cronin*, 301 Mass. 419.

This finding cannot and should not be disturbed if it can be supported on any reasonable view of the evidence with all rational inferences that can be drawn. *Barttro* v. *Watertown Square Theatre, Inc.*, 309 Mass. 223, 224.

There was no prejudicial error in the trial judge's denial of the defendant's request for ruling number eight (8), "that the mere fact that additions are made to an entire contract does not convert it into a separable contract", as that request is not applicable to this instant case as there was no evidence as to what the items of the original contract were. There is no evidence set forth in the report that there

was any illegal performance by the plaintiff in relation to the work that he performed, so that request number ten (10) becomes inapplicable and there was no error in denying the same.

As far as we can determine from the report, the trial judge committed no prejudicial errors in arriving at his finding for the plaintiff in this case. Furthermore, the report does not set forth the essential and necessary facts to enable an appellate court to review the matter or matters complained of as required by *Rule 28 of the District Court Rules, (1965); Castano* v. *Leone*, 278 Mass. 429. Although the report is that of the trial judge, it is the responsibility of the requesting party to see that it contains the necessary matter for an intelligent review.

For the above reasons, the order should be: **Report Dismissed.**

MORIARTY, DONOGHUE & LEGA, Springfield,
    Attorneys for plaintiffs.
LOUIS KERLINSKY, Springfield,
    Attorney for defendants.