BETTY ALIFERIS, administratrix,[1] *vs.* DANIEL J. BOUDREAU. October 2, 1973. This is a bill seeking equitable relief and damages for the

---

[1] After the entry of the final decree and the appeal therefrom the administratrix of the estate of the original plaintiff, William Aliferis, was substituted as plaintiff. The intestate is referred to in the opinion as the plaintiff.

defendant's breach and repudiation of his contract to operate and manage the plaintiff's beauty shop for two years and (as we interpret the contract upon the facts found by the master) to purchase the shop and its contents at the end of that period for an amount determined by the plaintiff's capital costs in establishing the shop. The defendant appeals from a final decree awarding damages in an amount equal to the cost to the plaintiff of renovating and equipping the shop, less the fair resale value of the equipment at the time of the breach. The defendant's arguments that the contract was vague with regard to the plaintiff's obligation to renovate and equip the shop and the defendant's obligation to purchase it, and that the contract is therefore unenforceable, are without merit. The same is true of his argument that the latter obligation was unsupported by consideration. The contention that the plaintiff committed an antecedent willful and material breach of the contract is unsupported by the master's findings. The interlocutory decree confirming the master's report was not appealed from, and it cannot be said that his findings as to the plaintiff's conduct are mutually inconsistent or plainly wrong. See *Rose* v. *Homsey,* 347 Mass. 259, 260 (1964). There was no error in measuring the plaintiff's damages by the amount of his net expenditures in renovating and equipping the shop. *Lynch* v. *Culhane,* 237 Mass. 172, 174 (1921). *Air Technology Corp.* v. *General Electric Co.* 347 Mass. 613, 629 (1964). Restatement: Contracts, §§ 329, 333. Nor is there any basis for the defendant's final contention that the plaintiff failed to mitigate his damages, as the master found that the plaintiff unsuccessfully tried to sell the shop after the defendant's breach. We consider this appeal to be a frivolous one. The final decree is affirmed, with double costs and interest at the rate of twelve percent from the date of the appeal to the Supreme Judicial Court. G. L. c. 211A, § 15.

*So ordered.*

*Aram K. Conragan, Jr.,* for the defendant.
*Paul Garfinkle* for the plaintiff.