■ FOUNTAINS ACQUISITION PROPERTIES, INC., Appellant, v TOCCI BUILDING CORPORATION OF NEW YORK, INC., et al., Respondents. [794 NYS2d 395]—

In an action to recover damages for breach of contract, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered September 16, 2003, as granted that branch of the motion of the defendants which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) on the ground that the plaintiff lacked the capacity to sue, and (2) from an order of the same court entered December 4, 2003, which denied its motion for leave to reargue.

Ordered that the appeal from the order entered December 4, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered September 16, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff commenced this action alleging breach of contract against the defendants, Tocci Building Corporation of New York, Inc. (hereinafter Tocci NY), and Tocci Building Corporation. As the construction manager on a project, Tocci NY entered into three trade contracts with three separate trade contractors for the provision of labor and materials. According to the complaint, however, Tocci NY failed to pay for the labor and materials provided in 2001. Thereafter, in 2002 the plaintiff acquired by assignment all right, title, and interest of the three trade contractors under their trade contracts with Tocci NY. The plaintiff then commenced this action seeking payment of the amounts due on the trade contracts.

The defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (3) contending that the plaintiff lacked capacity to sue as an assignee. The defendants submitted the three trade contracts in support of their motion, each of which contained a clause prohibiting the assignment of the contract or any proceeds thereunder without the written consent of Tocci NY. The Supreme Court granted the motion on the ground that the plaintiff acquired no rights under the alleged assignments. We affirm.

The parties do not dispute that the law of Massachusetts applies to this case. Under Massachusetts common law "parties to a contract can agree that the contract in all its terms shall be non-assignable both at law and in equity" and that a party to the contract "could refuse to recognize any assignment not within the strict provisions of it" (*Federal Natl. Bank v Commonwealth,* 282 Mass 442, 450, 185 NE 9, 16-17 [1933]; *see Mc-*

*Laughlin v New England Tel. & Tel. Co.,* 345 Mass 555, 563, 188 NE2d 552, 558 [1963]; *Old Colony Crushed Stone Co. v Cronin,* 276 Mass 221, 226, 176 NE 804, 806 [1931]). The defendants' documentary evidence flatly contradicted the plaintiff's allegation that it possessed an enforceable assignment of the proceeds of the trade contracts under the common law of Massachusetts. Accordingly, the plaintiff lacked the capacity to sue the defendants under Massachusetts common law and the Supreme Court properly granted that branch of the motion.

Moreover, contrary to the plaintiff's contention, the allegations contained in its complaint were insufficient to demonstrate the applicability of the Uniform Commercial Code as adopted in Massachusetts (hereinafter the Massachusetts UCC). The Massachusetts UCC applies to secured transactions, including the "sale of accounts" in a commercial finance setting (*see* Massachusetts UCC § 9-109 [a] [formerly § 9-102] and Comment 12 thereto). The complaint, however, was wholly deficient in alleging facts from which the applicability of the Massachusetts UCC to this case could be reasonably inferred. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.