OLD COLONY CRUSHED STONE COMPANY *vs.* EUGENE W. CRONIN & others.

Suffolk.   April 10, 21, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, Construction, Performance and breach, Validity, Waiver. *Waiver. Assignment*, Construction, Validity. *Restraint of Alienation. Equity Jurisdiction*, To reach and apply equitable assets, To enforce bond for public work. *Bond*, Public work.

A provision of a contract in writing between the Commonwealth, acting through the metropolitan district commission, and a general contractor for the construction of a public work was that the contractor should "not, either legally or equitably, assign any of the moneys payable under this agreement, or his claim thereto, unless by and with the like consent of the Commission." At a time when it was estimated that there was due the contractor over $6,900, he borrowed $4,500 from a bank and assigned to the bank as security moneys then due him from the Commonwealth. The bank gave a notice to the metropolitan district commission, to which it did not reply for more than four months, when it directed attention to the provision of the contract above quoted and stated that in view of that article it could not regard the "alleged assignment" as valid and binding. At the hearing by a master of a suit by the bank to enforce its claim, there was excluded evidence offered to prove that earlier assignments had

been made by the contractor to the bank of moneys due under the contract to secure the payment of notes for money borrowed and that notifications thereof had been given by the bank to the metropolitan district commission with requests that checks be sent to it "for account of" the contractor and that thereafter checks covering these amounts had been sent by the State Treasurer to the bank payable to the order of the contractor and deposited by the bank to the account of the contractor. *Held*, that

(1) The failure of the Commonwealth to object to the previous assignments and the payments made in the circumstances disclosed by the evidence offered did not operate as a waiver of the provisions in the contract as to assignments thereafter to be made;

(2) Such evidence properly was excluded;

(3) The delay of the metropolitan district commission in acknowledging receipt of notice of the assignment could not constitute a waiver of the right to object thereto;

(4) The provision prohibiting assignment without assent of the commission was valid.

The bank, to enforce its claim above described, intervened as a plaintiff in a suit by a subcontractor, in behalf of himself and such other creditors of the general contractor as might be entitled to security furnished by him by a surety bond given to the Commonwealth under G. L. c. 30, § 39, as amended by St. 1922, c. 416, against the general contractor and the surety on the bond. It appeared that the Commonwealth, after paying out sums found due all claimant subcontractors and also, notwithstanding the notice received of the claim of the bank, a certain sum to the general contractor, still had a balance in its possession due under the general contract; and the bank contended that, even if it could not recover from the Commonwealth by virtue of its assignment, the suit should be retained as a suit by it to reach and apply that balance to the debt due it from the general contractor. A final decree was entered dismissing the claim. *Held*, that, the assignment being invalid, the bank had no standing as a general creditor of the general contractor to require that the suit be so retained.

BILL IN EQUITY, filed in the Superior Court on March 1, 1929, by a subcontractor furnishing material for Old Colony Boulevard, a public work being constructed by the metropolitan district commission for the Commonwealth by the defendants Cronin and Driscoll.

The National Shawmut Bank of Boston was permitted to intervene as party plaintiff. The suit was referred to a master. The master, subject to exceptions by The National Shawmut Bank of Boston, excluded certain evidence described in the opinion. He found a certain amount due to the plaintiff. By a stipulation filed by the parties, it ap-

peared that the Commonwealth had paid and satisfied all claimants of funds in its hands except the bank, intervening petitioner.   It also appeared that there remained in the hands of the Commonwealth the sum of $1,279.19.   Other material facts are stated in the opinion.

The report of the master was confirmed.   The suit then was heard by *Donahue,* J., on the question whether the evidence excluded by the master should have been admitted, and whether any, and if any, what relief should be given to the bank, intervening petitioner, in the final decree.   The bank contended that the assignment described in the opinion was valid and that it should have full satisfaction for its note from the Commonwealth; or, if the assignment was not valid, that the suit should be retained as a suit to satisfy its claim *pro tanto* from the $1,279.19 remaining in the possession of the Commonwealth.

By order of the judge, a final decree was entered dismissing the bill as to The National Shawmut Bank of Boston and ordering the $1,279.19 paid to the general contractors. The National Shawmut Bank of Boston appealed.

*R. H. Hopkins,* for The National Shawmut Bank of Boston, intervening petitioner.

*W. P. Higgins,* for the defendant Cronin and another submitted a brief.

*J. E. Warner,* Attorney General, & *S. H. Holmes,* Assistant Attorney General, for the Commonwealth, submitted a brief.

SANDERSON, J.   This is a bill in equity brought by the plaintiff as a creditor of the defendants Eugene W. Cronin and William F. Driscoll, copartners doing business under the firm name of Cronin and Driscoll, for itself and for such other creditors of the partnership as may be entitled to the benefit of the security described in the bill, and who may intervene as parties plaintiff.   The other defendants named in the bill are the Commonwealth of Massachusetts and the Maryland Casualty Company.   The Commonwealth, acting by its metropolitan district commission, entered into a contract with Cronin and Driscoll, who will be referred to as the contractors, for the construction of a

public work, namely, the grading, surfacing and other work on Old Colony Way, so called, in Boston. The contractors, as principals, with the Maryland Casualty Company, as surety, gave a bond to the Commonwealth as required by G. L. c. 30, § 39, as amended by St. 1922, c. 416. The National Shawmut Bank intervened as a party plaintiff by a petition entitled "Intervention and Bill of Complaint" to have the amount of its claim against the contractors and the Commonwealth and to any funds held by the Commonwealth established, and the interest of the contractors in and to any sums held by the Commonwealth applied to the payment of the indebtedness of the contractors to the bank. The case was referred to a master whose report was confirmed and a decree entered and assented to, with a waiver of appeal and exceptions by all parties except the intervening petitioner. By the interlocutory decree certain requests for rulings by that petitioner were given and others were denied. By the final decree the intervening petition and bill of complaint of the bank was dismissed without prejudice to its right to maintain an action at law for its debt, and the fund remaining in the hands of the metropolitan district commission was ordered to be paid to the contractors. The appeal of the bank from the interlocutory decree and from the final decree presents the only issues now to be decided.

The contract with the Commonwealth contained the following provision: "Article XV. The Contractor shall give his personal attention constantly to the faithful prosecution of the work, shall keep the same under his personal control, and shall not assign by power of attorney or otherwise, or sublet, the work or any part thereof without the previous written consent of the Commission, and shall not, either legally or equitably, assign any of the moneys payable under this agreement, or his claim thereto, unless by and with the like consent of the Commission."

On December 4, 1928, an estimate was made of work done under the contract showing a balance of $6,977.04 due the contractors. On or about December 19, 1928, the contractors borrowed of the National Shawmut Bank $4,500

and gave it a note for that amount and as collateral security an assignment of the moneys due it under the estimate of December 4, 1928. On December 20, 1928, the bank gave notice of this assignment to the metropolitan district commission in a form in which it had given notice of similar earlier assignments. Twice thereafter the bank requested of the district commission an acknowledgment of its letter of December 20, 1928. On May 1, 1929, the commission sent its first reply to these requests, directing attention to Article XV of the contract quoted above and saying that in view of that article it could not regard the "alleged assignment" as valid and binding. The sums purported to be covered by the assignment of December 19, 1928, somewhat diminished by credits and amounts retained to meet liens, were paid to the contractors by the Commonwealth on February 27, 1929, the net amount so paid being $4,655.62. The bank offered evidence to prove that earlier assignments had been made by the contractors to the bank of moneys due under the contract to secure the payment of notes for money borrowed and notifications thereof had been given by the bank to the metropolitan district commission with requests that checks be sent to it "for account of Messrs. Cronin and Driscoll." It also offered to prove that thereafter checks covering these amounts had been sent by the State Treasurer to the bank payable to the order of the contractors and deposited by the bank to the account of the contractors. The ruling excluding the evidence of these former transactions was right. The failure of the Commonwealth to object to these previous assignments and the payments made under the circumstances disclosed by the evidence did not operate as a waiver of the provisions in the contract as to assignments of money payable under the contract. *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173. *Burck* v. *Taylor*, 152 U. S. 634, 648, 651. See *Delaware County Commissioners* v. *Diebold Safe & Lock Co.* 133 U. S. 473, 493, 495. This evidence, offered to prove waiver, related entirely to prior assignments in no way connected with the assignment set forth in the intervening petition of the bank. It had no tendency to prove

the assent of the Commonwealth to the assignment set forth in the intervening petition. The delay of the metropolitan district commission in acknowledging receipt of notice of the assignment could not constitute a waiver of the right to object thereto.

The purpose of Article XV in the agreement was not only to guard against an assignment of the contract with its obligations but was also to prevent the assignment of any money payable under the contract whether earned before the time of the assignment or not. The provision prohibiting the assignment of any money payable under the agreement or of the contractor's claim thereto without the written consent of the commission is a valid agreement binding upon the parties and upon any one undertaking to assert rights thereunder. *Omaha* v. *Standard Oil Co.* 55 Neb. 337. See *Pike* v. *Waltham,* 168 Mass. 581, 587; *Staples* v. *Somerville,* 176 Mass. 237, 241; *Devlin* v. *Mayor, Aldermen & Commonalty of New York,* 63 N. Y. 8, 17. To give the Commonwealth the right to have the benefit of these express terms of the contract contravenes no rule of public policy relating to the free alienation of property. The contention that the Commonwealth should be required to pay the bank and be left to its remedy against the contractors for breach of contract cannot be maintained. In *Portuguese-American Bank of San Francisco* v. *Welles,* 242 U. S. 7, 11–12, the contract with a municipality contained a provision in some respects like that quoted from the contract in the case at bar. In that case the rights of the parties were based in part upon California statutes and the municipality made no objection to the assignment and was willing that the common law should take its course.

As the provision in the contract was valid and the assignment was unenforceable against the Commonwealth, the payment to the contractors after notification of the assignment was a discharge of its obligation under the contract. *Delaware County Commissioners* v. *Diebold Safe & Lock Co.* 133 U. S. 473, 493. The purpose of this bill in equity was to enforce the statutory security obtained by the Commonwealth under G. L. c. 30, § 39, as amended by St. 1922,

c. 416, for the benefit of the plaintiff and others who had performed labor or furnished materials used or employed in the construction of the public work for which the security was obtained. It was not a proceeding in which creditors of the contractors who had furnished neither labor nor material might appropriately be joined. The judge was right in his conclusion that a proceeding brought to establish rights under the statute should not be complicated and the administration of the fund by the Commonwealth hampered by the intervention of general creditors of the contractors who have no rights under the statute. The cases of *Nash* v. *Commonwealth,* 174 Mass. 335, *George H. Sampson Co.* v. *Commonwealth,* 202 Mass. 326, recognize the right of claimants for whose benefit security is obtained under the statute to proceed in equity against the Commonwealth to enforce their claims, but in those cases the claims sought to be enforced were not those of general creditors of the contractors and no question relating to the validity of an assignment made in violation of the terms of the contract with the Commonwealth was involved. Upon the facts the bank was not entitled to have its petition maintained as a bill to reach and apply in payment of its debt money due the contractors from the Commonwealth. No error appears in the refusal of the trial judge to retain the petition of the bank for the award of money damages, nor in the order dismissing that petition.

The fund remaining in the hands of the metropolitan district commission was rightly ordered to be paid to the contractors.

*Interlocutory and final decrees*
*affirmed with costs.*