J. J. STRUZZIERY CO., INC. *vs.* A. V. TAURASI CO., INC., & others.

Suffolk.    November 2, 3, 1959. — March 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Public Works. Contract*, Building contract. *Equity Pleading and Practice*, Recommittal, Intervention, Proceeding to enforce statutory security.

Under a highway construction contract with the Commonwealth providing that the "security required by" G. L. c. 30, § 39, was "obtained both by the bond accompanying the contract and by the power of the . . . [Commonwealth] to retain and pay money" given it by other provisions, creditors of the contractor entitled to the benefit of the statutory security had rights to a sum retained by the Commonwealth which were superior to rights of general creditors thereto. [486]

A claimant for materials furnished to a contractor constructing a highway pursuant to a contract with the Commonwealth made in 1954 was required to file his sworn statement of claim pursuant to G. L. c. 30, § 39, within sixty days after ceasing to furnish the materials in order to be entitled to the benefit of the statutory security; by reason of § 3 of St. 1955, c. 702, he could not avail himself of the extension of the sixty day period to ninety days provided by § 1 of c. 702, amending c. 30, § 39. [487]

On the record of a proceeding under G. L. c. 30, § 39, to obtain the benefit of security furnished pursuant to that statute by a contractor constructing a highway under a contract with the Commonwealth, after hearing by a master and findings establishing the claims of various creditors of the contractor entitled to the benefit of the security and therefore having prior right to a sum retained by the Commonwealth constituting part of such security, there was no error in a refusal to recommit the suit to the master for findings respecting an alleged tax lien against the property of the contractor, a claim of an assignee of his, a claim by his receiver in bankruptcy to the retained fund, and a claim by the Commonwealth for his default, or in a refusal to allow a general creditor holding notes of the contractor to intervene, or in a refusal to postpone for such matters entry of a decree for payment of the claims established against the sum retained. [487–488]

PETITION, filed in the Superior Court on December 12, 1956.

Following the report of a master, sundry decrees were entered by *Tomasello, J.*

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for the Commonwealth.

*Francis C. Zacharer,* for Oak Hill Granite Company, Inc., intervener.

*Henry Gesmer,* for Atlantic Corporation.

*Benjamin C. Perkins, (Edward R. Thomas* with him,) for The Whittemore Company, intervener.

*John W. Blakeney,* for Continental Casualty Company.

*Alphonse Sancinito, Robert K. Lamere, Howard W. Robbins & Joseph E. Levine,* for certain interveners, were present but did not argue.

*Bernard V. Martin & Walter F. Maguire,* for certain interveners, joined in a consolidated brief.

WILLIAMS, J. This is a petition under G. L. c. 30, § 39, by J. J. Struzziery Co., Inc., to enforce a claim against A. V. Taurasi Co., Inc. (Taurasi), for material furnished it in performing a contract with the Commonwealth of Massachusetts made by the department of public works for the construction of a section of State highway (Route 128) in the towns of Dedham, Westwood and Needham. The Commonwealth, Taurasi, and Continental Casualty Company, the surety on a performance and payment bond given by

Taurasi, are joined as respondents. The petitioner seeks the establishment of its claim; a determination that money retained by the Commonwealth under the contract with Taurasi is security for the payment of the claim; an order that on its establishment the Commonwealth satisfy it from the money retained; and, if this money is insufficient, an order that the casualty company pay so much of the claim as remains unsatisfied. Other subcontractors with claims for labor, materials, appliances and equipment furnished Taurasi in the work of construction have intervened as petitioners.

The Commonwealth in its answer lists the statements of claim which have been filed, states that it holds a "reserve" of money retained under the contract, and alleges that this money is subject to its right "to assert a claim for liquidated damages should the circumstances so require." The casualty company in its answer asserts by way of counterclaim that as part consideration for its suretyship Taurasi assigned to it all moneys which should become due Taurasi under the contract with the Commonwealth and that it is entitled to the funds retained by the Commonwealth.

The execution of the contract between the Commonwealth and Taurasi and the giving of a performance and payment bond by Taurasi and the casualty company are undisputed. A master to whom the petition was referred found that Taurasi contracted with the Commonwealth (No. 5669) on March 30, 1954, to construct a highway at a price of $4,499,538.33 and gave a bond with the casualty company as surety under G. L. c. 30, § 39, for that amount. The total value of the work performed by Taurasi was $4,414,498.47 and the amount paid it by the Commonwealth was $4,086,945.43. The Commonwealth "has retained as statutory security" $327,553.04, which sum "is held by reason of and on account of claims filed with it" under c. 30, § 39. Said sum, "together with the bond executed by the respondent, Continental Casualty Company, as surety herein, constitutes the statutory security taken by the officers and agents who contracted on behalf of the Commonwealth"

for the benefit of those complying with the statutory provisions.

The master further found that twelve intervening creditors of Taurasi with claims totaling $316,550.53 are entitled to the benefits of the statutory security, and that other intervening creditors including Oak Hill Granite Company, Inc., with a claim for $8,083.73, although having valid claims against Taurasi, are not entitled to participate in the security.

None of the respondents filed objections to the master's report and on motion of the casualty company it was confirmed by interlocutory decree on July 31, 1958.

On the same day the Commonwealth moved to recommit the report for further findings on the grounds that as a result of Taurasi's suggested bankruptcy and its default in completing the contract the sum which had been withheld by the Commonwealth had become subject to encumbrances not reported by the master, namely, (1) a tax lien by the United States on the goods, effects and credits of Taurasi, (2) a claim of Atlantic Corporation as assignee of Taurasi, (3) a claim of priority to the retained fund by Taurasi's receiver in bankruptcy, and (4) a counterclaim by the Commonwealth for Taurasi's default amounting to $37,040.54. The motion for recommittal was denied and the Commonwealth appealed. A final decree was entered in which the indebtedness of Taurasi to the twelve creditors found by the master to be entitled to statutory security was established and it was declared that the bond on which the casualty company was surety and the moneys retained by the Commonwealth "together constitute the statutory security." The decree further established the indebtedness of Taurasi to seven other claimants including Oak Hill Granite Company, Inc., in the sum of $8,083.73 which were not entitled to participate in this security. The Commonwealth was ordered to pay the amounts due the secured claimants and in the event the funds retained by the Commonwealth were insufficient for this purpose the casualty company was ordered to make up the deficiency. It was provided that all

claims of Taurasi, the casualty company and the Commonwealth against each other arising out of the contract "are hereby expressly reserved with the right to pursue [them] in some further proceeding."

From this final decree the Commonwealth and Oak Hill Granite Company, Inc., appealed. On July 31, 1958, the same date as that of the final decree, Atlantic Corporation filed a petition for leave to intervene which was denied and Atlantic appealed.

In a report of material facts the judge found that the claim of Atlantic against Taurasi appeared to be based on various notes given by Taurasi between October 18 and December 20, 1956, that they totaled $106,444.90 and were set out in a pending suit by Atlantic against Taurasi. He found that Atlantic was a creditor of Taurasi "pure and simple, and . . . would not be eligible to have participated in the fund retained by the Commonwealth." He found that "the funds retained would have been exhausted by those rightly entitled thereto before intervening petitioner's claim if any could be anticipated," and concluded that "to allow intervention at this late date would cause great financial hardship to the claimants found by the master to be entitled to participate in the funds held."

There was no error in the final decree. The master found on evidence which is unreported that the Commonwealth retained $327,553.04 as statutory security under its contract with Taurasi for the payment of claims filed under c. 30, § 39. This finding is supported by the provisions of art. 57 of "Standard Specifications for Highways and Bridges" which was a part of the contract. Therein it was provided that the Commonwealth "may retain such sum or sums from the moneys due the contractor under this contract as will be necessary to discharge all such claims whether for labor or materials or for damages as aforesaid [see art. 56], and until the validity of such claims shall be established and finally determined, and if determined and finally established as valid, all such claims shall be paid from the amount so retained if it be sufficient for that purpose . . . . It is under-

stood that the security required by § 39 of c. 30 . . . is obtained both by the bond accompanying the contract and by the power of the . . . [Commonwealth] to retain and pay money under the provisions of this article . . . ."

The judge was right in ruling that under the language of the contract both the retained sum and the surety bond constituted the statutory security contemplated by § 39. *Hub Steel & Iron Works, Inc.* v. *Dyer,* 283 Mass. 463, 466–467. *Berkal* v. *M. De Matteo Constr. Co.* 327 Mass. 329, 332. The retained funds were held by the Commonwealth in the nature of a trust for the benefit of those described in the statute and it would have no right to use them for any other purpose. It was said in *J. H. McNamara, Inc.* v. *McGuire,* 254 Mass. 589, 594, in a suit under G. L. c. 149, § 29, a statute similar to § 39 but applying to cities, towns, counties and other political subdivisions: "The Legislature cannot have intended that the person upon whom it placed the duty to secure 'sufficient security' for the payment 'for labor performed or furnished and materials used' should be permitted so to use that security for his own benefit as to render it insufficient for the payments for labor and material. . . . Where the law requires one person to obtain security for the benefit of others, that person cannot himself share in it until those for whom he is bound to obtain it have had the full benefit intended to be secured to them. . . . [T]he city cannot render what has been obtained as security under the statute insufficient by taking so much for itself that the remainder falls short of satisfying the statutory beneficiaries." "[T]he rights of general creditors of the principal contractor are subordinate to the rights of the statutory beneficiaries in the security until the indebtedness of the latter has been paid." *Duteau* v. *Salvucci,* 330 Mass. 531, 535. The damages referred to in that part of the contract which has been quoted are those resulting from claims for personal injury or property damage arising from the performance of the contract (see art. 56) and it is clear that the satisfaction of such claims must be subordinated to those of the petitioner and the interveners.

There is no merit in the appeal of the granite company. Admittedly it filed its claim on the ninetieth day following the date of its last delivery of materials. On March 30, 1954, the date of Taurasi's contract with the Commonwealth, c. 30, § 39, required that a claimant under the statute must file its claims within sixty days after it ceased to furnish the materials for which it had contracted, otherwise it was not entitled to the statutory security. *Duteau* v. *Salvucci*, 330 Mass. 531, 534. The appellant relies on the amendment to § 39 by St. 1955, c. 702, § 1, wherein the period within which a claim could be filed was extended to ninety days. But by § 3 it was specifically provided that this amendment was not to apply retroactively. The granite company therefore did not bring its claim within the terms of the statute and cannot avail itself of the statutory security.

The motion for recommittal was properly denied. Its purpose was to obtain findings relevant to issues which were collateral to those presented by the pleadings in this proceeding. The rights of the petitioner and the interveners could not be affected by findings respecting an alleged tax lien against the effects and credits of Taurasi, an assignment by it to Atlantic Corporation, and a claim by a receiver in bankruptcy proceedings against Taurasi.

For like reasons the motion of Atlantic Corporation, a creditor of Taurasi, to intervene was rightly denied. This "was not a proceeding in which creditors of the [principal] contractors who had furnished neither labor nor material might appropriately be joined. The judge was right in his conclusion that a proceeding brought to establish rights under the statute should not be complicated and the administration of the fund . . . hampered by the intervention of general creditors of the [principal] contractors who have no rights under the statute." *Old Colony Crushed Stone Co.* v. *Cronin*, 276 Mass. 221, 227. *Duteau* v. *Salvucci*, 330 Mass. 531, 535.

The judge was justified in refusing to postpone the entry of the final decree until the collateral matters referred to in

the motion to recommit had been litigated.   The petition of J. J. Struzziery Co., Inc., was filed on December 12, 1956. Many of the claimants who were entitled to the benefits of the statutory security are found to have waived interest on their claims doubtless on the expectation of speedy payment. To this they are entitled.   The rights of the respondents against each other are expressly preserved by the decree.

The interlocutory decrees denying the Commonwealth's motion to recommit and the motion of Atlantic Corporation to intervene are affirmed.

The final decree is affirmed.

*So ordered.*