# J. J. Struzziery Co., Inc. & others *vs.* A. V. Taurasi Co., Inc. & others.

Suffolk.    January 6, 1961. — February 14, 1961.

Present: Wilkins, C.J., Spalding, Whittemore, Kirk, & Spiegel, JJ.

*Equity Pleading and Practice*, Appeal, Decree. *Interest. Supreme Judicial Court*, Rescript. *Waiver*.

An appeal may be taken from a final decree after rescript in a suit in equity in order to determine whether that decree conforms to the rescript. [114–115]

A rescript of this court affirming a final decree for the payment of money in a suit in equity carries forward interest on the principal to the date of the decree after rescript without an express provision to that effect in the rescript. [115]

That a petitioner in a suit in equity, prior to entry of a final decree for payment of money to him, waived interest thereon in "the expectation of speedy payment" did not show that he also waived interest from the date of the final decree where an appeal therefrom was taken, and upon affirmance of the decree the final decree after rescript should have allowed him interest from the date of the original final decree. [115–116]

Where petitioners in a suit in equity under G. L. c. 30, § 39, to enforce statutory security in satisfaction of claims for furnishing labor, materials, and equipment to a contractor constructing public works were denied interest on the amounts of their established claims in a decree but were held entitled to interest on an appeal from the decree by some only of them, those who had not appealed should be allowed interest as well as the appellants. [116]

Petition in equity filed in the Superior Court on December 12, 1956.

Following the decision of this court reported in 340 Mass. 481, a final decree after rescript was entered by *Thompson, J.*

*Benjamin C. Perkins, (Joseph E. Levine, Alphonse Sancinito, Robert K. Lamere, & Howard W. Robbins* with him,) for the interveners.

*John W. Blakeney,* for the respondent Continental Casualty Company.

SPIEGEL, J.   These are appeals from a final decree after rescript by eight intervening petitioners claiming to be aggrieved by the failure of that decree, entered April 13, 1960, to include interest on the several claims.

The suit is by the original petitioner, J. J. Struzziery Co., Inc., and intervening petitioners against A. V. Taurasi Co., Inc. (Taurasi), Continental Casualty Company, and the Commonwealth of Massachusetts under G. L. c. 30, § 39, to enforce claims for furnishing labor, materials and equipment to Taurasi in connection with the construction of a section of State highway pursuant to a contract between the Commonwealth and Taurasi.   The petitioners sought to reach sums retained by the Commonwealth constituting, together with a payment and performance bond given by Taurasi as principal and Continental Casualty Company as surety, the statutory security for satisfaction of their claims.   The case was heard in the Superior Court and on July 31, 1958, a final decree establishing the claims of twelve petitioners found to be entitled to participate in the security was entered.   At some time prior to that final decree the petitioners waived interest.   The Commonwealth appealed from this decree, and on March 8, 1960, this court affirmed it.   *J. J. Struzziery Co. Inc.* v. *A. V. Taurasi Co. Inc.* 340 Mass. 481.   On April 13, 1960, a final decree after rescript was entered in the Superior Court providing that the twelve petitioners were entitled to payment of their claims without interest.   They sought to have included in the final decree after rescript a computation of interest running from July 31, 1958, the date of the original final decree.   This the court declined to do.   It is because of this refusal to add interest to the amounts set forth in the final decree after rescript as being due to them that the appeals are taken.

While it is the general principle that there can be no appeal from a final decree entered in accordance with a rescript from this court (*Cole* v. *Holton*, 274 Mass. 238, 239), an appeal may, however, be taken from a final decree after rescript to determine whether that decree conforms with

the rescript. *Carilli* v. *Hersey,* 303 Mass. 82, 85. *Wayland* v. *Lee,* 331 Mass. 550, 551. That is the basis of these appeals. The appellants contend that the rescript handed down from this court included interest from the date of the original final decree entered in the Superior Court whereas the final decree after rescript specifically excluded interest and that therein lies the nonconformity. The contention of the appellants is correct.

The rescript of this court upholding the final decree of the Superior Court carried with it an allowance of interest. G. L. c. 235, § 8. *Johnson* v. *Hazen,* 333 Mass. 636, 638. It was not necessary that the rescript state this fact. *Hobbs* v. *Cunningham,* 273 Mass. 529, 536. To have conformed to the mandate of rescript the final decree after rescript should have included interest in its awards to the twelve petitioners.

The argument of the respondents that because these petitioners at some time prior to the entering of the original final decree waived their right to interest they cannot now receive interest from the date of the original final decree is not an effective one. "There can be no waiver of a right unless the right . . . was intended to [be surrendered]." *Boston Elev. Ry.* v. *Maryland Cas. Co.* 232 Mass. 246, 252. *Sheehan* v. *Commercial Travelers Mut. Acc. Assn.* 283 Mass. 543, 552. It is clear that these petitioners in waiving interest agreed to forego the interest which would run from the date of their demand for payment to the date of the original final decree. They waived interest "on the expectation of speedy payment." *J. J. Struzziery Co. Inc.* v. *A. V. Taurasi Co. Inc.* 340 Mass. 481, 488. They are not seeking payment of the interest which accrued during that period. It cannot be presumed that by their waiver they intended to forego interest on their claims for however long it took to prosecute the appeal from the original final decree. To withhold the moneys due them for an extended period and then to deprive them of interest on their claims

would, in effect, lessen the amount of the awards. We do not conclude that they intended to coöperate in any such result.

Interest from July 31, 1958, is due to all twelve petitioners named in the original final decree whether appellants here or not.

The final decree is to be modified in accordance with this opinion and as so modified is affirmed.

*So ordered.*