*Northern District*

No. 6978.

**MARY BLOUT, d/b/a**
**BLOUT REAL ESTATE**

**v.**

**ERIC A. JOHNSON,**
and another

Argued: Feb. 26, 1969     Decided: May 8, 1969

*Present*: Brooks P.J., Connolly, Yesley, J.J.

Case tried to *Bacigalupo, J.* in the Fouth District Court of Eastern Middlesex No. 901 of 1968.

*Yesley, J. This is an action of contract to recover a broker's commission* on the sale of defendants' two-family house at 18 Congress Street, Stoneham. The declaration is in two counts, the first on a written agreement between the parties and the second on an account annexed for services rendered, both being for the same cause. There was a finding for the defendants.

Although the report states that it "contains all the evidence material to the question (sic) reported", none of the evidence introduced at the trial is reported. (See Draft Report appended to Rule 28 of the Rules of the District Courts.) There is simply a statement that it was agreed at the trial that "all the parties were duly licensed real estate brokers and/or salesman". The trial justice, however, made findings of the material, subsidiary facts, summarized below, which must stand in the absence of any recital of the evidence or any requests for rulings challenging the sufficiency of the evidence to support them. *Malcolm G. Stevens* v. *St. Botolph Holding Company,* 316 Mass. 238. *Stella* v. *Curtis,* 348 Mass. 458, 461. Our only task in this appeal is to determine whether the general finding was arrived at by the applica-

tion of correct principles of law. *Muir Brothers Company* v. *Sawyer Construction Co.,* 328 Mass. 413, 415.

An agreement signed by the parties on December 16, 1967, and entitled ''Special Service Multiple Listing Agreement'', granted to the plaintiff, described therein as the Realtor, ''the exclusive right to sell the (defendant's) property . . . . . for the price of $29,900.00 and upon the following terms . . . .'', which consisted of undertakings by the plaintiff to use diligent efforts to find a purchaser, to list the property with the Multiple Listing Service (M.L.S.) of the Eastern Middlesex Board of Realtors (Board of Realtors), to pay the registration fee for such listing, and to take other specified steps in connection with advertising the property for sale. There was a further provision that the agreement should be for a period of two months from December 18, 1967, and finally a provision which, in our opinion, is decisive of the case, reading as follows:

> ''In the event that a buyer is procured, in accordance with the terms of the agreement, ready, willing, and able to purchase the property, or if the property is sold or exchanged by the [defendants] during the term of this agreement, or if within six months after this agreement terminates, the property is sold or exchanged by the [defendants] to a buyer who has been referred to or shown the property by the

[plaintiff] or by any member of the [Board of Realtors] in accordance with the terms of this agreement, the [defendants agree] to pay to the [plaintiff], a commission of six percent (6%) of the selling price.''

The trial justice specially[1] found that the plaintiff performed all of the above-mentioned acts required of her with reference to promoting the sale of the property, that (prior to January 31, 1968) one Ryan, a member of the M.L.S., acting with the plaintiff, produced a prospective customer named Briffett, who made an initial offer of $25,000.00 for the property, which was rejected by the defendants, that on January 31, 1968 he made a further offer in writing through Ryan and the plaintiff to purchase at $27,500.00 stipulating F.H.A. financing, that Briffett's identity was not disclosed to the defendants in connection with either of his offers nor were the defendants shown the January 31st written offer, that on March 5, 1968 the defendants entered into a written agreement to sell the property to Briffett for $26,-500.00, that pursuant thereto conveyance was made on March 29, 1968, that ''the . . . . sale was brokered by one Evelyn Bjorkman'', a member of the Board of Realtors and of the M.L.S., who was paid a commission of $1000.-00, that Bjorkman knew on March 5, 1968 that Ryan and the plaintiff had previously shown

---

[1] The report used the word ''ruled'', but in effect they were findings of fact.

the property to Briffett, but did not disclose this information to the defendants who met Briffett for the first time at the passing of papers on March 29th and learned at that time that "the Briffett to whom they sold their property was the Briffett who had been shown the property by Ryan and the plaintiff", that the defendants acted in good faith, and that at no time did the plaintiff produce a buyer for $29,900.00.

The plaintiff's request for ruling No. 5 in effect asked for a ruling that under the written agreement she was entitled to a commission of 6% of the selling price of $26,500.00. The request was denied and we treat the plaintiff's claim of a report thereof as raising the question of whether the general finding for the defendants was free of error.

The plaintiff must rest her claim for a commission on the terms of the Listing Agreement. She would not be entitled to prevail on conventional principles applicable to the recovery of a commission by a real estate broker since as we read the findings of the trial justice he found that Bjorkman, and not the plaintiff or her co-operating broker, was the efficient cause of the sale. See *Kacavas* v. *Diamond*, 303 Mass. 88, 91. Since the property was sold after the expiration of the two-month period during which the exclusive listing was in effect, the plaintiff to recover under the agreement must show: (1) that the property was sold to Briffett within

six months after the termination of the two-month period (which was the fact), and (2) that it was sold.....to a buyer who has been referred to or shown the property by the (plaintiff) or by any member of the (Board of Realtors) in accordance with the terms of (the agreement.''

The second requirement was likewise satisfied unless the stated price of $29,900.00 is construed to be one of ''the terms of (the) agreement.'' That question is one of law since it involves the construction of a written instrument. *Hiller* v. *Submarine Signal Company,* 325 Mass. 546, 550. *Ingalls* v. *Green,* 337 Mass. 444, 447. Words of an agreement should be construed to effect what appears to have been the intent of the parties. *Berkal* v. *M. DeMatteo Construction Co.,* 327 Mass. 329, 333. ''Justice, common sense and the probable intention of the parties are guides to the construction of a written instrument.'' *Stop & Shop, Inc.* v. *Ganen,* 347 Mass. 697, 701. Intent ''is to be ascertained by a reading of the entire agreement.'' *Hills* v. *Shearer,* 355 Mass. 405, 408.

In trying to find the intention of the parties in the use of the words ''terms of (the) agreement'', we look at the entire instrument for some clue. We note that the word ''terms'' appears in the fore-part of the agreement where it is stated that the plaintiff is given the exclusive right to sell the property ''for the price of $29,900.00 and upon the following TERMS'' (caps supplied). At this point of the text the

price is separately stated and not included in the word "TERMS", although generically it fits into the word "terms" and could have been included therein.

It would appear also that if the words "in accordance with the terms of this agreement" were intended to include and require a price of $29,900.00, the commission clause which follows those words would not have stated "a commission of (6%) of the SELLING PRICE" (caps supplied), which capitalized words in ordinary parlance mean the price at which sold. It is more likely that if a commission were to be paid only if a price of $29,900.00 were obtained, it would have been stated as "6% of $29,900.00", or "6% of said price", or a flat dollar amount of "$1794.00". In our opinion the words "in accordance with the terms of this agreement" are not to be construed as requiring a sales price of $29,900.00.

So interpreted, the plaintiff was entitled to the ruling requested in No. 5 to the effect that she was entitled under the agreement to recover a commission of 6% of $26,500.00, the price at which the property was sold to Briffett. There should have been a finding for the plaintiff on count 1. The finding for the defendants on said count was in error.

It is ordered that the finding for the defendants on count 1 be vacated and that a finding for the plaintiff on said count in the amount of

$1590.00 be entered on the docket of the District Court.

MARTIN J. CICATELLI,
   for plaintiff

ALFRED C. WALTON,
   for defendant.